UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | No. 1:05-CR-140 |
| v. | ) | |
| | ) | Chief Judge Curtis L. Collier |
| | ) | |
| RONALD CHARLES MCCLURE | ) | |
| | ) | |

## M E M O R A N D U M

Defendant Ronald Charles McClure ("Defendant") filed a motion to suppress (Court File No. 13) which was referred to United States Magistrate Judge William B. Mitchell Carter to conduct an evidentiary hearing if necessary and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). On December 15, 2005, the magistrate judge filed a report and recommendation ("R&R") that Defendant's motion be denied (Court File No. 17).

Defendant filed an objection to the report and recommendation within the ten-day period, arguing its recommended ruling incorrectly holds Defendant had no legitimate expectation of privacy, hence no Fourth Amendment protection, in his America Online ("AOL") subscriber information (Court File Nos. 18, 19). For the following reasons, the Court will **ACCEPT** and **ADOPT** the magistrate judge's R&R and will **DENY** Defendant's motion to suppress and Defendant's request for a *de novo* hearing.


## I.    STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the report and

recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1)(C).

## II.    FACTS

The recitation of facts contained in the magistrate judge's report and recommendation (R&R at 1-3) adequately represents the versions of the events in question put forth by both Defendant and the Government.    Defendant has not objected to the magistrate judge's statement of the facts, therefore the Court will **ACCEPT** and **ADOPT** by reference the magistrate judge's statement of facts in his R&R (Court File No. 17, pp. 1-3).

## III.    ANALYSIS

Defendant's objections to the R&R assert the magistrate judge incorrectly held that Defendant had no legitimate expectation of privacy and hence no Fourth Amendment protection in his AOL subscriber information (Court File Nos. 18, 19).  Specifically, Defendant objects to "the statement on page 7 of the report and recommendation filed in this cause [sic] that the Defendant had no legally protected interest in the subject information" (Court File No. 19).

"The Fourth Amendment protects people, not places," *Katz v. United States*, 389 U.S. 347, 351, (1967), and provides sanctuary for citizens wherever they have a legitimate expectation of privacy. *Id* at 359.  Generally, individuals lose a reasonable expectation of privacy in their personal information once they reveal it to third parties.  *See United States v. Miller*, 425 U.S. 435, 443 (1976) (holding a bank customer had no protected Fourth Amendment interest in bank records, consisting of microfilms or checks, deposit slips and other records relating to his accounts at two

banks).  Courts have held, by placing the information under the control of a third party, the customer assumes the risk the bank will convey the information.  *Guest v. Leis*, 225 F.3d 325, 336 (6th Cir. 2001) (citing *Miller,* 425 U.S. 435).

Courts have applied this principle to computer searches and seizures to conclude computer users do not have a legitimate expectation of privacy in their subscriber information because they have communicated the information to a third party – the systems operator.  *Guest*, 225 F.3d at 336; *United States v. Kennedy*, 81 F.Supp.2d 1103, 1110 (D.Kan. 2000)(rejecting a privacy interest in subscriber information communicated to an internet service provider); *United States v. Hambrick*, 2000 WL 1062039, *4 (4th Cir. Aug. 3, 2000) (holding defendant destroyed any privacy interest in his subscriber information when he conveyed it to an internet service provider).  Defendant's objection acknowledges *Guest* "held that the subject type of subscriber information was not protected by the Fourth Amendment" (Court File No. 19 p. 2) but Defendant asserts *"Guest* was a civil case not involving a Defendant's fundamental liberty interest."

The United States Supreme Court has held repeatedly

the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed.

*Miller*, 425 U.S.at 443 (citations omitted).  Applying these principles to the present case, Defendant knowingly and voluntarily revealed all information associated with his screen name "Ranger96XLT4x4" when he entered into the agreement with AOL to obtain internet access.  As a result, Defendant's subscriber information was exposed to AOL employees in the normal course of business.  Defendant destroyed any legitimate expectation of privacy in his subscriber information when he knowingly and voluntarily communicated it to AOL.  *See Smith v. Maryland*, 442 U.S. 735,

3

743-44 (1979) (when an individual voluntarily conveys information to a third party, the individual "assume[s] the risk" of subsequent disclosure).

Further, Title 18 U.S.C. § 2703(c)(2) requires a provider of electronic communication service or remote computing service to disclose subscriber information when a governmental entity uses an administrative subpoena authorized by a federal or state statute or other identified methods. Defendant concedes 18 U.S.C. § 2703(c)(2) permits the release of subscriber information to a governmental authority by means of a subpoena, which is what occurred in Defendant's case.

The Court finds Defendant had no reasonable expectation of privacy in the subscriber information provided by AOL to the government pursuant to the investigative subpoena. Where there is no legitimate expectation of privacy, there can be no Fourth Amendment violation. Therefore the Court will **DENY** Defendant's motion to suppress (Court File No. 13) and Defendant's request for a *de novo* hearing (Court File No. 18).

IV. <u>CONCLUSION</u>

For the reasons stated above, the Court has determined the magistrate judge's analysis regarding the evidence obtained as a result of the investigative subpoena and subsequent statements and evidence obtained from searches of Defendant and his property is correct. Following those findings, the Court will **ACCEPT** and **ADOPT** the magistrate judge's determinations neither the evidence obtained as a result of the subpoena and search nor Defendant's statements needs to be suppressed. The Court will **DENY** Defendant's motion to suppress and Defendant's request for a *de novo* hearing.

An Order shall enter.

4

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**